## No. WR-CV-77-86

# District Court of the Navajo Nation
## Judicial District of Window Rock

In the Matter of the Estate of:
William Al Tsosie.
Decided April 28, 1987

## OPINION

*Before Robert Yazzie, District Court Judge.*

*Samuel Pete, Esq., Window Rock, Arizona for the Plaintiff Mary L.*
*Tsosie; William Battles, Esq., Tempe, Arizona for the Defendant*
*Edward Tsosie; Leonard Tsosie, Esq., Crownpoint, New Mexico for*
*Melisa Tsosie and Leona Tsosie, Minors; Arlene Tsosie, pro se.*

*Opinion delivered by Yazzie, District Court Judge.*

## Statement of Facts

1. This is a probate proceeding involving the Estate of William Al Tsosie (aka Leonard Tsosie), hereinafter "decedent". He died without a will on September 22, 1985, at PHS Indian Hospital, Fort Defiance, Arizona.

2. At the time of his death, decedent was a resident of the Navajo Indian Reservation at Window Rock, Arizona.

3. Distribution of decedent's Insurance proceeds is the sole dispute among the claimants in this case.

4. Decedent worked for Navajo Tribal Utility Authority, hereinafter "NTUA," from May 26, 1978, to the time of his death, September 22, 1985.

5. While employed with NTUA, decedent had a term life group insurance policy, No. 13657, from the Republic National Life Insurance Company, and he maintained this policy through his employer, NTUA, until he died.

6. Decedent named his following relatives as beneficiaries on his life insurance policy:

(a) Arlene A. Tsosie was named as beneficiary on May 26, 1978. She was identified as decedent's wife on the policy. *Her name was however removed as beneficiary on April 26, 1983.*

(b) Defendant Edward Tsosie, decedent's natural father, was added as a beneficiary on April 22, 1983.

(c) Melissa Tsosie, decedent's minor daughter, was added as beneficiary on May 26, 1978.

(d) Leona Tsosie, decedent's minor daughter, was added as beneficiary on April 6, 1983

(e) Valerie Tsosie, decedent's minor daughter, was added as beneficiary on October 23, 1984.

7. At the time of his death, decedent maintained the above-name individuals, except Arlene Tsosie, as his beneficiaries entitled to receive his insurance benefits in equal shares. Decedent carried a life insurance policy with a face cash value of $60,000.00

8. After decedent died, Republic National Life Insurance Company paid the beneficiaries the following sums:

(a) $15,000.00 was paid to Edward Tsosie on 5 February 1986, of which $3,075.22 was paid to Cope Mortuary for funeral expenses.

(b) $15,000.00 was paid to Mary Lou Tsosie on behalf of Valerie Tsosie on 5 February 1986, of which $2,000.00 remains in the bank account at Sunwest Bank, Tse Bonito, New Mexico.

(c) $30,000.00 was paid to Robert Chiago as Guardian Ad Litem for and on behalf of Melissa and Leona Tsosie. The money is currently held in trust at Citibank in Window Rock, Arizona.

## Nature of Claims

9. Plaintiff Mary Lou Tsosie claims to be the lawful wife of the deceased William Al Tsosie, and thereby claims one half (½) interest of the entire $60,000. This money has already been paid and distributed to the above-named beneficiaries.

10. Defendant Arlene A. Tsosie also claims to be a common law wife of decedent, but she has not claimed any interest in the proceeds.

11. Plaintiff Mary Lou Tsosie further claims that her daughter, Amanda Tsosie, should be named by this court as one of the beneficiaries for distribution purposes. Amanda Tsosie is a natural daughter of decedent. She was not named as a beneficiary to the insurance proceeds.

## Decedent's Marriage

12. Evidence shows that decedent purportedly maintained two separate marriages at the same time. One with the Plaintiff Mary Lou Tsosie, and the other with Defendant Arlene A. Tsosie. There is a question as to which marriage is valid.

13. Testimony shows that decedent lived with defendant Arlene A. Tsosie from April 30, 1974, to April, 1983. During this period, both parties lived together without a marriage license. Their marriage was never validated by the Courts of the Navajo Nation.

14. While decedent and Arlene A. Tsosie lived together, evidence further shows that:

(a) Two children were born; Melissa Tsosie, born on September 24, 1974, and Leona Tsosie, born on September 6, 1977.

(b) Both parties lived at NHA housing in Navajo, New Mexico.

(c) They also lived together at the residence of decedent's parents at Sawmill, Arizona. (See testimony of Edith and Edward Tsosie).

(d) Decedent and Arlene A. Tsosie held credit and bank accounts together.

(e) Decedent's parents, Edith and Edward Tsosie, related to defendant Arlene A. Tsosie as their daughter-in-law, and her children as their grandchildren. (See testimony of Edith and Edward Tsosie).

(f) Plaintiff Mary Lou Tsosie acknowledged in her complaint that decedent was married to Arlene Tsosie.

15. In 1981, decedent began having an affair with plaintiff Mary Lou Tsosie and they lived together until he died. As a result of this affair, decedent and Arlene A. Tsosie totally ceased their relationship in April, 1983.

16. As a result of decedent's relationship with Mary Lou Tsosie, two children were born: Valerie Tsosie, DOB: 01-10-83 and Amanda Tsosie, DOB: 09-09-85.

17. Decedent and plaintiff obtained a Navajo Tribal Marriage License on October 12, 1984, although he had not divorced Arlene A. Tsosie.

## Opinion

There are three (3) issues to be addressed in this case:

### ISSUE I: WHETHER A PERSON ONCE MARRIED IS FREE TO REMARRY AGAIN?

Evidence shows that decedent purportedly maintained two separate marriages at the same time. One with Plaintiff Mary Lou Tsosie and the other with Defendant Arlene A. Tsosie. There is a question as to which marriage is valid. Plaintiff Mary Lou Tsosie argues that there is no proof of common law marriage between decedent and Arlene A. Tsosie. Defendant testified that she was married to decedent at common law.

Common law marriages are recognized in the courts of the Navajo Nation. *In The Matter of Ketchum*, 2 Nav. R. 102 (1979). For a common

law marriage to be valid, there must be proof of: (1) consent to be husband and wife; (2) actual cohabitation; (3) actual holding out to the community to be married. In the instant case, Defendant Arlene A. Tsosie and decedent consented to be husband and wife. The consent to be married is often a private matter between husband and wife. There may be no witnesses. This finding of consent or agreement to be husband and wife will usually be based upon the testimony of the party seeking validation of marriage. Arlene A. Tsosie has so testified. *See Etcitty v. Etcitty*, A-CV-23-84.

Decedent and Arlene A. Tsosie lived together from October 30, 1974, to April, 1983. In cohabiting with one another during this period, they held themselves out as husband and wife to the communities at Sawmill, Arizona, and Navajo, New Mexico. They were recognized as husband and wife by decedent's employer (NTUA), and creditors. Decedent's parents, Edith and Edward Tsosie, related to Arlene A. Tsosie as their daughter-in-law and her children as their grandchildren. Furthermore, Plaintiff Mary Lou Tsosie even acknowledged in her complaint that Defendant Arlene A. Tsosie was married to decedent. In view of this evidence, this court finds that a common law marriage did exist between the decedent and Arlene A. Tsosie.

A marriage is presumed valid and the parties attacking the marriage bears the burden of proof of establishing that no marriage in fact existed. *Panzer v. Panzer*, 87 N.M. 29 (1974), and *In Re Duncan's death*, 83 Idaho 254, 360 P. 2d 987 (1961). In the Navajo courts, any parties contesting the invalidity of common law marriage will bear the burden of proof of showing its invalidity. *In Re Ketchum, supra.*

Plaintiff Mary Lou Tsosie and the decedent also obtained a marriage license on October 12, 1984. At this point, Decedent William Al Tsosie purportedly held two marriages at one time. Where a person holds two marriages simultaneously, how does the court decide this issue? The Navajo Tribal Council, at 9 N.T.C. Section 407, provides that in a dual marriage situation, no person once married is free to remarry until such divorce certificate is obtained. 9 N.T.C. Sec. 3, passed July 12, 1945, prohibits plural marriages. *In The Matter of Slowman*, 1 Nav. R. 142, 143 (1977), also made it clear that even a prior custom marriage can only be terminated by divorce. This situation is analogous to the requirement in states recognizing common law marriage that a legal divorce must be obtained to dissolve such marriages.

Defendant Arlene A. Tsosie testified that she never dissolved her common-law marriage with William Al Tsosie. This court agrees. Decedent remained married to her until he died, notwithstanding his complete separation from her. Pursuant to the Navajo law on marriage and divorce, William A. Tsosie was never free to marry Mary Lou Tsosie. Therefore, decedent's subsequent marriage to Mary Lou Tsosie is invalid. Mary Lou

Tsosie's claim, right or interest in decedent's insurance proceeds is, thus, invalid.

## ISSUE II: IS A LIFE INSURANCE POLICY OBTAINED AND THE PREMIUMS PAID WITH INCOME RECEIVED BY HUSBAND DURING THE MARRIAGE A COMMUNITY PROPERTY?

Plaintiff Mary Lou Tsosie claims that the life insurance policy was obtained by the deceased William Al Tsosie during their marriage and the policy was their community property. The insurance policy which decedent carried with a face cash value of $60,000.00 is community property and a surviving spouse is entitled to half of the proceeds upon death of the insured. *See, In The Matter of Ben Tsosie*, 4 Nav. R. 198 (1983). Since this court finds that plaintiff was never validly married to decedent, the issue is moot. She has no standing to raise the issue.

In the case of Arlene A. Tsosie, she never filed a claim to any interest in the insurance proceeds at anytime during the course of this proceeding. She was sued as a party-defendant. She fully participated in the hearing of the merits without representation of counsel. Since she never asserted a claim in the proceeds, the four named beneficiaries are entitled to the proceeds in equal shares as provided by decedent's insurance policy.

## ISSUE III: WHETHER AN HEIR NOT DESIGNATED AS BENEFICIARY TO AN INSURANCE PROCEED IS ENTITLED TO RECEIVE A SHARE OF SAID PROCEEDS.

Plaintiff Mary Lou Tsosie claims that her daughter Amanda Tsosie should be named by this court as one of the beneficiaries for distribution purposes. Amanda Tsosie is a natural daughter of decedent. She was, however, not one of the designated beneficiaries in her deceased father's life insurance policy. There is no evidence to presume that decedent had ever intended to include his daughter, Amanda Tsosie, as a beneficiary. There is no valid claim for community property and all the named beneficiaries are still alive. Under the circumstance of this case, the insurance proceeds do not become part of the estate.

Decedent specifically designated four heirs as beneficiaries. He intended these individuals to benefit from the insurance proceeds. He never changed the policy during his life time. Such arrangement should and will be recognized by this court.

## Order

In review of the foregoing Opinion, this court hereby adjudges, decrees and orders that:

1) The common law marriage between William Al Tsosie, deceased, and Defendant Arlene A. Tsosie be deemed valid as of October 30, 1974;

2) The alleged marriage between William Al Tsosie, decedent, and Plaintiff Mary Lou Tsosie is null and void;

3) Melissa Tsosie, Leona Tsosie, Valerie Tsosie and Amanda Tsosie are recognized as the legitimate children of William Al Tsosie;

4) Melissa Tsosie and Leona Tsosie are each entitled to receive $15,000.00; (¼) one-fourth of the total insurance proceeds;

5) Any claim that Amanda Tsosie, minor child of decedent, be added as a beneficiary to the insurance proceeds is hereby denied;

6) Each party herein bear their own costs and expenses;

7) For such other and further relief as the court may deem proper and just.